FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 11 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1  Robert Mitchell (WSBN 37444)
   Attorney at Law, PLLC
2  901 N. Monroe Street, Ste 356
3  Spokane, WA  99201
   Telephone: 509-327-2224
4  Facsimile: 509-327-3374
5  Email: bobmitchellaw@yahoo.com

6      Attorney for Plaintiffs, CHARLES and L. ANN BUTLER

7
                UNITED STATES DISTRICT COURT
8               EASTERN DISTRICT OF WASHINGTON

9
   CHARLES and L. ANN BUTLER,
10 husband and wife, and the marital        NO. **CV-09-00145-JLQ**
   community composed thereof,
11
                                            **PLAINTIFFS' COMPLAINT**
12              Plaintiffs,                  **FOR BREACH OF CONTRACT**
                                            **– RESCISSION, VIOLATION OF**
13                                          **THE WASHINGTON STATE**
        v.                                  **CONSUMER PROTECTION**
14                                          **ACT, AND VIOLATION OF**
                                            **EXPRESS AND IMPLIED**
15 GREAT AMERICAN RV, INC., a               **WARRANTIES IN VIOLATION**
   Washington Corporation; and             **OF UCC AND THE MAGNUSON**
16 AMERICAN STATES INSURANCE               **MOSS WARRANTY ACT,**
   COMPANY, a Surety Company; and          **INTER ALIA**
17 GE MONEY BANK aka GENERAL
18 ELECTRIC COMPANY; and
   AMERICAN GUARDIAN
19 WARRANTY SERVICES, INC., an
20 Illinois Corporation,

21
                Defendants.
22     COME NOW, Plaintiffs, CHARLES BUTLER and L. ANN BUTLER,

23 husband and wife and the marital community composed thereof, by and through

24 their counsel, ROBERT MITCHELL, and complain against the Defendants as

25 follows:

PLAINTIFFS' COMPLAINT                    1        Robert Mitchell, Attorney at Law
26                                                901 N. Monroe, Suite 356
                                                  Spokane, WA  99201
                                                  (509) 327-2224    Fax (509) 327-3374

1

2

## I.    STATEMENT OF THE CASE

Defendant, Great American RV, sold a defective RV to the Plaintiffs.
Defendant, GE Money Bank, financed the sale of the RV.  Defendant, American
Guardian Warranty Services, Inc., sold Plaintiffs an extended warranty for the
RV.

Plaintiffs discovered the broken windshield the same day they purchased
the RV.  Defendants assured Plaintiffs that Defendants could and would repair
the defective windshield.  Thereafter, the vehicle spent months in different repair
facilities where it received six new windshields, and countless other repairs.

Plaintiffs have travelled to repair facilities in Oregon, Indiana, and Florida.
To date, the RV has spent 156 days in repair facilities.  Because the RV was
Plaintiffs' primary residence, Plaintiffs have been forced to reside in repair
facility parking lots for months at a time while awaiting repairs.  In fact,
Plaintiffs were finally forced to purchase a home to avoid living at repair
facilities.

Despite Defendants' multiple assurances, and despite Defendants' many
repair attempts, the RV's windshield is still broken.

Plaintiffs purchased the vehicle to facilitate extensive travel.  However,
Plaintiffs have only been able to drive the vehicle approximately 20,000 miles in
almost 4 years.  Many of those miles occurred driving to and from repair
facilities.

Plaintiffs are now convinced that Defendants will never be able to cure the
vehicle's material defects.  Therefore, Plaintiffs wish to rescind the purchase and
sales contract, and the finance contract.  Moreover, Plaintiffs wish to obtain a
refund of the money paid to Defendants over the years.

PLAINTIFFS' COMPLAINT                                        2                         Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

## II.   PARTIES

2.1   Plaintiffs, CHARLES and L. ANN BUTLER (hereinafter "Plaintiffs"), are husband and wife, and both are residents of Clarkston, Washington.

2.2   Plaintiffs purchased a defective RV from Defendants.

2.3   Defendant, GREAT AMERICAN RV, Inc. (hereinafter "Defendant"), is a Washington Auto Dealer, conducting business in the State of Washington under UBI Number 601384822, and Dealer Number 4031, and Bond Number 6584918.

2.4   Defendant, AMERICAN STATES INSURANCE COMPANY (hereinafter "Defendant"), provided a surety bond in the amount of $30,000 to Defendant, Great American RV, Inc.  Defendant is liable up to and including the amount of said surety bond.

2.5   Defendant, GENERAL ELECTRIC MONEY BANK, aka GENERAL ELECTRIC COMPANY (hereinafter "Defendant"), is a New York Corporation, licensed to conduct business in the state of Washington under UBI No. 409000047.  Defendant financed the purchase of the subject RV and currently holds the note for Plaintiffs' financed RV.  Pursuant to the FTC Holder Rule, Defendant is liable up to and including any and all amounts Plaintiffs have paid for the RV to date.

2.6   Defendant, AMERICAN GUARDIAN WARRANTY SERVICES, INC., Corporation (hereinafter "Defendant"), is an Illinois corporation engaged in the business of selling vehicle warranties, and registered to conduct business in the state of Washington under UBI Number 602136305.  Defendant sold Plaintiffs extended warranty number 36331, on May 21, 2005, for $6,999.

PLAINTIFFS' COMPLAINT                    3                Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.  JURISDICTION AND VENUE

Jurisdiction and Venue in the United States District Court, Eastern District of Washington, are appropriate where this dispute involves issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiffs occurred in this district, and where Plaintiffs are residents of this district, and where the Defendants conduct substantial business in this district, and where the amount in controversy exceeds $75,000, and where there is diversity of citizenship.  (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

Defendants are liable unto Plaintiffs pursuant to the provisions of the Magnuson Moss Warranty Act, 15 U.S.C. §2301, et. seq.; the Federal Trade Commission's "Holder Rule", as well as other applicable federal and state laws. Defendants are also liable unto Plaintiffs pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367, et seq.

### IV.  FACTS

4.1    On May 21, 2005, Plaintiffs purchased a 2005 Monaco Camelot 40 PDQ, Serial Number 050119184083400152944 2, Coach Number 152942.

4.2    Plaintiffs paid a total of $290,999.59 for the above vehicle.

4.3    The dealer arranged financing for the vehicle at the time of purchase.

4.4    Plaintiffs also paid $25,844 as a down payment at the time of purchase.

4.5    Plaintiffs also paid $4,688.82 in the form of a trade-in in the amount

PLAINTIFFS' COMPLAINT                     4              Robert Mitchell, Attorney at Law
                                                        901 N. Monroe, Suite 356
                                                        Spokane, WA  99201
                                                        (509) 327-2224      Fax (509) 327-3374

of $160,000, less the outstanding balance on the trade-in of $155,311.18

4.6    Pursuant to the finance agreement, Plaintiffs were to make 240 monthly payments of $2,029.11 each.

4.7    To date, Plaintiffs have made 46 monthly payments of $2,029.11 each, for a total of $93,339.06.

4.8    Therefore, in total, Plaintiffs have paid $123,871.88 for the subject vehicle.

4.9    The vehicle was sold with a manufacturers' warranty.

4.10   Plaintiffs paid an additional $6,999 for an extended warranty.

4.11   There was 2,296 miles on the vehicle at the time of purchase.

4.12   Almost 4 years later, the vehicle only has approximately 23,000 miles.

4.13   Plaintiffs purchased the vehicle with the aid, assistance, and recommendation of Defendants, for the ordinary and specific purpose of permanently residing in the RV, and using the RV for extensive travel.

4.14   Based on Defendants' representations concerning the vehicle, Plaintiffs reasonably believed that the vehicle was fit for the specific purpose for which Plaintiffs purchased the vehicle, a permanent residence and traveling the country.

4.15   Based on Defendants' representations concerning the vehicle, Plaintiffs reasonably believed when they purchased the vehicle that the vehicle was free from serious design defects, and that the vehicle was designed in a manner to avoid serious defects.

4.16   Based on Defendants' representations concerning the vehicle, Plaintiffs reasonably believed that the vehicle was fit for the ordinary purpose for

PLAINTIFFS' COMPLAINT                5         Robert Mitchell, Attorney at Law
                                               901 N. Monroe, Suite 356
                                               Spokane, WA  99201
                                               (509) 327-2224      Fax (509) 327-3374

1   which it was sold, extensive travel.

2       4.17   Any reasonable person would believe that a brand new RV which

3   costs nearly $300,000 would be fit for its ordinary purpose, extensive travel.

4       4.18   However, the vehicle has a defective windshield, inter alia, which

5   Defendants have made multiple and repeated attempts to repair.

6       4.19   In fact, Plaintiffs discovered the defective windshield within hours

7   of purchasing the vehicle.

8       4.20   Upon notifying Defendants of the defect, Defendants assured

9   Plaintiffs that Defendants could and would repair the defect.

10       4.21   The vehicle was returned to Great American RV for repairs only

11   days after the original purchase date.

12       4.22   Thereafter, Defendants have replaced the windshield at least six

13   times and made countless other repairs to the vehicle.

14       4.23   Repairs have included retrofitted parts from other vehicles, welded

15   extra support beams and bracing, and many other major modifications and repairs

16   to the vehicle's windshield.

17       4.24   These defects, repairs and modifications have resulted in the vehicle

18   being out of service and in repair shops for a total of 156 days thus far.

19       4.25   Because the vehicle was the Plaintiffs' primary residence, these

20   defects, repairs and modifications have resulted in Plaintiffs being forced to live

21   in repair facility parking lots for months at a time while awaiting repairs.

22       4.26   These defects, repairs and modifications have resulted in Plaintiffs

23   traveling to repair facilities in Oregon, Indiana, and Florida, for repairs.

24       4.27   Due to the defects, Plaintiffs spent a total of 108 days living in the

25

PLAINTIFFS' COMPLAINT                    6              Robert Mitchell, Attorney at Law
26                                                      901 N. Monroe, Suite 356
                                                        Spokane, WA  99201
                                                        (509) 327-2224      Fax (509) 327-3374

parking lot of an RV repair facility in Oregon, awaiting repairs to the vehicle.

4.28   Due to the defects, Plaintiffs spent a total of 26 days living in the parking lot of an RV repair facility in Wildwood, Florida.

4.29   Due to the defects, Plaintiffs spent a total of three days living in the parking lot of an RV repair facility in Wakarusa, Indiana.

4.30   Due to the defects, Plaintiffs spent a total of eight days living in the parking lot of Defendants' repair facility in Fife, Washington.

4.31   Plaintiffs bore the expense for most of the travel associated with these repair visits.

4.32   The vehicle has received many other repairs.

4.33   The repair history is as follows:

A.   Only a few days after purchasing the vehicle, on June 3, 2005, Plaintiffs took the vehicle back to Great American RV's repair facility in Fife, Washington, for windshield evaluation and authorization for repair.

B.   The vehicle was in Great American RV's service department for one day for additional repairs unrelated to the windshield.

C.   Only a few days after that, on June 20, 2005, Plaintiffs returned the vehicle to Great American RV for windshield replacement.

D.   The vehicle was in the Great American RV's service department for two days to repair the windshield.

E.   Less than two months later, on August 10, 2005, Plaintiffs were forced to take the vehicle to a Monaco service department in Wakarusa, Indiana, for yet another windshield repair.

PLAINTIFFS' COMPLAINT                    7                    Robert Mitchell, Attorney at Law
                                                             901 N. Monroe, Suite 356
                                                             Spokane, WA  99201
                                                             (509) 327-2224      Fax (509) 327-3374

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

F.     The vehicle was in the Monaco, Wakarusa, Indiana, service department for two days to repair the windshield.

G.     Less than one week later, on August 18, 2005, Plaintiffs were forced to return to the Monaco service department in Wakarusa, Indiana, for more repairs.

H.     The vehicle was in the service department for one day.

I.     Less than two months later, on October 12, 2005, Plaintiffs were forced to travel to yet another repair facility for evaluation of stress cracked windshield and a number of other items including wiper motor problems.

J.     The vehicle was in the Cummins repair shop in Kenly, North Carolina, for one day to replace the wiper motor.

K.     Approximately two weeks later, on October 27, 2005, Plaintiffs were forced to travel back to Kenly, North Carolina, where the vehicle spent another day in the shop to replace a defective passenger seat assembly.

L.     A short while later, on January 10, 2006, Plaintiffs were forced to travel to yet another repair facility to repair the stress cracked windshield and numerous other items. The 1st ordered windshield was crushed in the box, the 2nd windshield was broken during installation, and the 3rd windshield was cracked, during installation. At that point, the facility was unable to obtain another windshield, so the Plaintiffs were forced to return to the road with a stress cracked windshield.

M.     During that unsuccessful repair, the vehicle was in the Monaco repair facility in Wildwood, Florida, for 24 days.

PLAINTIFFS' COMPLAINT                    8                    Robert Mitchell, Attorney at Law
                                                                              901 N. Monroe, Suite 356
                                                                              Spokane, WA  99201
                                                                              (509) 327-2224      Fax (509) 327-3374

1

2

N.   On March 7, 2006, Plaintiffs were forced to return to the Monaco repair facility in Wildwood, Florida, yet again.

3

4

O.   This time the vehicle was in the service department for two days.

5

6

P.   A few short months later, on May 26, 2006, Plaintiffs were forced to return the vehicle for more repairs.

7

8

Q.   This time, the vehicle was in the Great American RV, Fife, Washington, service department for four days.

9

10

R.   Less than two months later, on July 10, 2006, the Plaintiffs returned the vehicle to a Monaco service department for more windshield repairs.

11

12

S.   This time, the vehicle was in the Monaco service department in Harrisburg, Oregon, for 51 days.

13

14

15

T.   Again on December 3, 2008, Plaintiffs had to return the vehicle to Harrisburg, Oregon for another stress cracked windshield (this crack occurred while the vehicle sat idle in the park).

16

17

U.   This time, the vehicle was in the Monaco service department in Harrisburg, Oregon, for 22 days.

18

19

20

V.   On February 8, 2009 the vehicle was observed with another stress fracture while parked in the driveway, so it currently has a broken windshield.

21

22

4.34   Throughout this process, Defendants made multiple and repeated assurances to Plaintiffs that Defendants could and would repair the vehicle.

23

24

4.35   The main reason why Plaintiffs did not exercise their rights under the Lemon Law is because Defendants made repeated promises and assurances

25

26

PLAINTIFFS' COMPLAINT                          9                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

that Defendants would repair the vehicle's many defects.

4.36   Another reason why Plaintiffs did not exercise their rights under the Lemon Law is because when Plaintiffs complained, Don Freeman, a Monaco service manager in Oregon, stated: "If you are talking Lemon Law, we park it in the back lot and stop work altogether."

4.37   Plaintiffs quickly learned that any complaints may result in spending even more time living in the parking lot of a repair facility.

4.38   Despite Defendants' assurances, despite having a manufacturers' warranty, despite having an extended warranty, and despite making faithful payments for the vehicle, Plaintiffs have been unable to use the vehicle for its intended purpose, they have traveled throughout the country seeking repairs, they have been forced to live in repair facility parking lots for months at a time, and they have paid well over $100,000 for a defective vehicle.

4.39   In fact, because of the vehicle's many material defects, Plaintiffs have only driven the vehicle approximately 20,000 miles in almost 4 years, most of which was to travel to repair facilities.

4.40   Most importantly, Plaintiffs were finally forced to purchase a home in order to have a place to live because the vehicle was so unreliable and because Plaintiffs grew weary of living in repair facility parking lots.

4.41   Despite these facts, Plaintiffs have made monthly payments and cooperated with significant repairs and loss of use of the vehicle.

4.42   Plaintiffs have made faithful payments despite the fact that the vehicle sits idle in their driveway as a result of the vehicle's broken windshield.

4.43   In fact, the vehicle's windshield is currently broken.

PLAINTIFFS' COMPLAINT          10          Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

4.44   In addition to broken windshields, Plaintiffs have dealt with many other repairs to the vehicle.

4.45   The broken windshields have also caused damage to the interior components of the vehicle which has necessitated replacement of many interior parts as well.

4.46   Defendants were aware of these defects when they sold the vehicle to Plaintiffs.

4.47   Defendants did not disclose these defects to Plaintiffs.

4.48   In fact, Defendants recommended the RV to Plaintiffs as a permanent residence and to be used for extended travel.

4.49   The most important issue to keep in mind is that Plaintiffs paid $290,999.59 for a vehicle that has spent 156 days in service shops and has only been driven approximately 20,000 miles because of the vehicle's material defects.

4.50   156 days in repair facilities and the vehicle has only been driven approximately 20,000 miles.

4.51   That equates to approximately 1 day in the shop for every 128 miles driven.

4.52   Defendants have not repaired, and cannot repair the vehicle as Defendants have promised to do on multiple occasions.

## V.   FIRST CAUSE OF ACTION

### (Breach of Contract – Rescission)

5.1   Plaintiffs re-allege paragraphs 1 through 4, inclusive as though fully set forth herein.

PLAINTIFFS' COMPLAINT                              11                        Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224       Fax (509) 327-3374

5.2    RCW <u>62A</u> states in pertinent part: "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may (a) reject the whole...." RCW <u>62A.2-601</u>.

5.3    RCW <u>62A</u> further states in pertinent part:

> The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it (a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or (b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.  (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

RCW <u>62A.2-608</u>.

5.4    RCW <u>62A</u> also states in pertinent part:

> (1) Where the...buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract, the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid (b) recover damages for non-delivery as provided in this Article (RCW <u>62A.2-713</u>).

RCW <u>62A.2-711(1)</u>.

5.5    In this case, Plaintiffs contracted for the sale and purchase of an RV in which they could reside on a full-time basis, and which would facilitate frequent travel.

5.6    Plaintiffs informed Defendants when a significant material defect appeared on the day of purchase.

PLAINTIFFS' COMPLAINT                              12                    Robert Mitchell, Attorney at Law
                                                                        901 N. Monroe, Suite 356
                                                                        Spokane, WA  99201
                                                                        (509) 327-2224      Fax (509) 327-3374

5.7    Defendants made further assurances that those defects could be and would be cured.

5.8    Defendants made repeated efforts to cure the defects.

5.9    Defendant continued to make assurances that the defects would be cured, and continued to make attempts to repair those defects over the following years.

5.10   Plaintiffs relied upon those assurances and trusted that Defendants would in fact cure the windshield defect.

5.11   In fact, Plaintiffs even went so far as to live in repair facility parking lots for months while the RV's windshield was replaced at least six times and repaired countless others.

5.12   However, the repairs failed miserably and the windshield in the subject vehicle remains broken.

5.13   Moreover, as a result of the repeated and unsuccessful repair attempts over the past four years, Plaintiffs are now convinced that the defective windshield cannot be repaired.

5.14   Therefore, because Defendants failed to tender conforming goods, and because Defendants have failed to cure the materially defective goods, Plaintiffs reject the non-conforming RV and rescind the purchase and sales agreement and the finance agreement associated therewith.

5.15   In the alternative, Plaintiffs revoke acceptance and demand rescission of the purchase and sales agreement and the finance agreement associated therewith.

5.16   Regardless, Plaintiffs demand reimbursement of the amount

PLAINTIFFS' COMPLAINT                    13              Robert Mitchell, Attorney at Law
                                                        901 N. Monroe, Suite 356
                                                        Spokane, WA  99201
                                                        (509) 327-2224      Fax (509) 327-3374

paid for the defective RV to date, plus incidental and consequential damages.

5.17   Plaintiffs' demands are reasonable and should be granted where Defendants breached the contracts with the Plaintiffs by failing to provide conforming goods, and those breaches are a direct and proximate cause of Plaintiffs' damages.

## VI.   SECOND CAUSE OF ACTION

### (UCC - Magnuson Moss Warranty Act)

6.1   Plaintiffs re-allege paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2   Washington Statute states in pertinent part:

> (1) Unless excluded or modified (RCW 62A.2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. (2) Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; and...(c) are fit for the ordinary purposes for which such goods are used; and (f) conform to the promises or affirmations of fact made on the container or label if any.

RCW 62A.2-314.

6.3   Washington Statute further states in pertinent part:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

RCW 62A.2-315.

PLAINTIFFS' COMPLAINT                                14

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

6.4    The Magnuson Moss Warranty Act states in pertinent part:

(4) if the product (or a component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be).

15 U.S.C §2304(4).

6.5    Finally, the Magnuson Moss Warranty Act states in pertinent part:

No supplier may disclaim or modify (except as provided in subsection (b) of this section) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer Product....

15 U.S.C §2308(a)(1).

6.6    In this case, Defendants provided a manufacturers written warranty, an extended written warranty, and an implied warranty of merchantability.

6.7    The implied warranty of fitness for a particular purpose also attaches to this sale because Defendants made material representations regarding the fitness of the RV for the specific purpose of full-time living and extended travel. Moreover, Plaintiffs relied on these representations in selecting the RV.

6.8    The RV is not merchantable because it would not pass without objection in the trade under the contract description, it is not fit for its ordinary purpose, and it is not fit for the specific purpose for which it was sold, because the RV does not conform to Defendants' representations, promises and affirmations of fact made in the contract and orally.

6.9    In fact, no reasonable person would believe that an RV which cost almost $300,000 should spend 156 days in repair shops after only approximately

PLAINTIFFS' COMPLAINT                    15                    Robert Mitchell, Attorney at Law
                                                              901 N. Monroe, Suite 356
                                                              Spokane, WA  99201
                                                              (509) 327-2224      Fax (509) 327-3374

24,000 miles of use, and no reasonable consumer would purchase such an RV under those conditions.

6.10   No reasonable person would believe that an RV which cost almost $300,000 should require more than 6 replacement windshields during a 24,000 mile period, and no reasonable consumer would purchase such an RV under those conditions.

6.11   No reasonable person would believe that after spending almost $300,000 for an RV, they would be forced to live in repair facility parking lots for months on end, and no reasonable consumer would purchase an RV under those conditions.

6.12   No reasonable person would believe that after purchasing an RV which cost almost $300,000, they would be forced to purchase a home because the RV was not fit to live in.

6.13   Defendants breached the warranties at issue.

6.14   Plaintiffs were damaged by Defendants' breaches.

6.15   Defendants' breaches are a direct and proximate cause of Plaintiffs' damages.

## VII.   THIRD CAUSE OF ACTION

### (FTC Holder Rule)

7.1   Plaintiffs re-allege paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2   Creditors that finance vehicles for dealers have derivative liability for claims against dealers, and liability as an assignee.  16 C.F.R. §433; and Riggs v. Anthony Auto Sales, Inc., 32 F. Supp. 2d 405 (W.D. La. 1998); Simpson v. Anthony Auto Sales, Inc., 32 F. Supp. 2d 405 (W.D. La. 1998); Boggess v. Lewis Raines Motors, Inc., 20 F. Supp. 2d 979 (S.D. W. Va. 1998).

PLAINTIFFS' COMPLAINT                              16

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224        Fax (509) 327-3374

7.3     In this case, Defendant GE Money Bank, is liable for Defendants' breach of contract/UCC, and breach of warranty.

7.4     Defendant, GE Money Bank, is liable in the amount it has received under the sales contract thus far.

## VIII.  FOURTH CAUSE OF ACTION

### (Negligent Repair)

8.1     Plaintiffs re-allege paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2     Defendants had a duty to use a standard of care equal to that which would have been exhibited by other mechanical professionals under similar conditions when conducting repairs on the subject RV.

8.3     Defendants failed to use any reasonable standard of care and therefore not only failed to repair the RV, but further damaged the RV while conducting repairs.

8.4     Plaintiffs were damaged by Defendants' negligence.

8.5     Defendants' negligence was a direct and proximate cause of Plaintiffs' damages.

## IX.  FIFTH CAUSE OF ACTION

### (Consumer Protection Act Violation)

9.1     Plaintiffs re-allege paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2     Defendants committed unfair and/or deceptive business acts and violated the Washington State Consumer Protection Act, RCW 19.86 et seq. by selling Plaintiffs a defective RV, and by promising to repair that RV, and by repeatedly attempting to repair that RV, and by failing to repair that RV, and by

PLAINTIFFS' COMPLAINT                          17                Robert Mitchell, Attorney at Law
                                                                901 N. Monroe, Suite 356
                                                                Spokane, WA  99201
                                                                (509) 327-2224      Fax (509) 327-3374

1
2
3
4

further damaging that RV while attempting repairs, and by breaching the warranties at issue, and by refusing to rescind the purchase and sales and finance agreement, and by refusing to refund Plaintiffs' money when it became obvious that the RV would not conform to reasonable expectations.

5
6

9.3    Plaintiffs were injured in their property by the Defendants' violations of RCW 19.86 et seq.

7

9.4    Defendants' actions were unfair and unconscionable.

8
9

9.5    Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

10
11
12
13
14

9.6    Because Defendants' have sold and financed a substantial number of RV's to Washington Consumers, and because Defendants continue to sell and finance RV's to Washington Consumers, and because Defendants engage in significant advertising to the general public, this case involves a matter of public interest, and there is a significant risk that Defendants' actions could be repeated.

15

## X.    PRAYER FOR RELIEF

16
17

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

18
19

A.    For rescission of the purchase and sale contract, and the financing agreement, for the subject RV;

20
21

B.    For actual and compensatory damages in the amount of $123,871.88;

22
23

C.    For incidental and consequential damages in an amount to be proven at the time of trial;

24

D.    For Treble the above damages in an additional amount of $10,000,

25
26

PLAINTIFFS' COMPLAINT                    18              Robert Mitchell, Attorney at Law
                                                         901 N. Monroe, Suite 356
                                                         Spokane, WA  99201
                                                         (509) 327-2224    Fax (509) 327-3374

1  pursuant to RCW 19.86 et seq.;

2       E.    For interest on the above amounts from the date of purchase until the

3  present time;

4       F.    For an Injunction preventing Defendant from selling any more 2005

5  Monaco Camelot 40 PDQ's to Washington consumers without disclosing that the

6  windshields in those vehicles are prone to fracturing;

7       G.    For costs and reasonable attorney's fees in an amount to be proven

8  at trial pursuant to the above cited statutes;

9       H.    For other relief as the Court deems just and equitable; and

10      I.    For leave to amend this complaint as needed and as required.

## XI.   REQUEST FOR TRIAL BY JURY

11

12  Plaintiffs hereby request a trial by jury pursuant to U.S. Const. Amend. 7,

13  Fed. R.Civ.Proc. 38.

14

15  DATED this ___11th___ day of   MAY, 2009.

16

17                          PLAINTIFFS' COUNSEL

18

19

20

21                          ROBERT MITCHELL, WSBA #37444

22

23

24

25

PLAINTIFFS' COMPLAINT              19          Robert Mitchell, Attorney at Law
26                                             901 N. Monroe, Suite 356
                                               Spokane, WA  99201
                                               (509) 327-2224     Fax (509) 327-3374