UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES and L. ANN BUTLER, husband and wife, and marital community composed thereof,

Plaintiffs,

v.

GREAT AMERICAN RV., a Washington corporation; AMERICAN STATES INSURANCE COMPANY, a surety company; GE MONEY BANK aka GENERAL ELECTRIC COMPANY; and AMERICAN GUARDIAN WARRANTY SERVICES, INC., an Illinois corporation,

Defendants.

Case No. C09-5516 FDB

ORDER DENYING AMERICAN STATES INSURANCE COMPANY'S MOTION TO DISMISS

This matter comes before the Court on Defendant, American States Insurance Company's (American States), motion for an order dismissing all claims of Plaintiffs Charles and L. Ann Butler against American States pursuant to Fed. R. Civ. P. 12(b)(6). The Court, having reviewed the motion, response, and the record herein, is fully informed and denies the motion to dismiss for the reasons stated herein.

ORDER - 1

## Introduction and Background

Plaintiffs' complaint alleges that Defendant Great American RV failed to comply with obligations of a written warranty/guarantee and violated the Washington Consumer Protection Act. In regard to Defendant American States, the complaint asserts that American States is liable to Plaintiffs on a surety bond provided to Defendant Great American RV.

## Rule 12(b)(6) Standard

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. Id. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. Id.; Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

## Liability on Surety Bond

The Washington Motor Vehicle Act, RCW 46.70. provides comprehensive regulation of the sale of vehicles, including mobile homes. The act also provides consumer protection to purchasers of vehicles, regulating their manufacture and sale "in order to prevent frauds, impositions, and other

ORDER - 2

abuses upon its citizens and to protect and preserve the investments and properties of the citizens of this state." RCW 46.70.005; Jindra v. Golden West, 52 Wn. App. 124, 127, 758 P.2d 518 (1998).

The act requires dealers of motor vehicles and motor homes to maintain a thirty thousand dollar surety bond running to the state. RCW 46.70.070. As an enforcement mechanism, the act provides that "[a]ny retail purchaser ... who has suffered any loss or damage by reason of any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such dealer and the surety upon such bond." RCW 46.70.070(1); Jindra, at 127.

Therefore, a party seeking recovery under RCW 46.70.070 must satisfy three requirements: (1) that he is a retail purchaser; (2) that he has suffered loss or damage; and (3) that such loss or damage was caused by any act by a dealer which constitutes a violation of this chapter. Brittingham Leasing Corp. v. Szymanski, 53 Wn. App. 251, 255, 766 P.2d 495 (1989).

RCW 46.70.180 enumerates numerous acts constituting unlawful practices, including the failure of a dealer to "comply with the obligations of any written warranty or guarantee given by the dealer or manufacturer requiring the furnishing of goods and services or repairs within a reasonable period of time." RCW 46.70.180(10).

Another provision, 46.70.270 provides, "The provisions of this chapter shall be cumulative to existing laws: Provided, That the violation of RCW 46.70.180 shall be construed as exclusively civil and not penal in nature." Thus, the act provides *another basis* for bringing the negligence, fraud, products liability, etc., claims arising from vehicle sales that could be brought under the common law or other statutes, e.g., the Consumer Protection Act. Jindra, at 128.

Here, Plaintiffs' complaint seeks recovery from Defendant Great American RV on the basis of breach of contract for failure to cure and breach of warranty. A liberal reading of this complaint provides that Plaintiffs have alleged a loss or damage by reason of an act of Great American RV which constitutes a violation of the Motor Vehicle Act, RCW 46.70.180. Thus, Plaintiffs have stated a claim against the surety, American States, and may institute an action on the bond.

ORDER - 3

**Conclusion**

For the above stated reasons, Plaintiffs have stated a claim against American States on the surety bond.

ACCORDINGLY;

IT IS ORDERED:

American State Insurance Company's Motion to Dismiss [Dkt. # 36] is **DENIED**.

DATED this 9th day of December, 2009.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4