UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES and L. ANN BUTLER, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN RV, INC., a Washington Corporation; and AMERICAN STATES INSURANCE COMPANY, a surety company; and GE MONEY BANK aka GENERAL ELECTRIC COMPANY; and AMERICAN GUARDIAN WARRANTY SERVICES, an Illinois corporation, ,<br><br>Defendants. | CASE NO. C 09-5516<br><br>ORDER DENYING GE MONEY BANK'S MOTIONS FOR SUMMARY JUDGMENT |

Defendant GE Money Bank filed two motions for summary judgment, one with regard to its counterclaim (ECF No. 59) and one with regard to the Plaintiffs' first cause of action seeking rescission (ECF No. 61). Having considered the Plaintiffs response as well as surreply and the Defendants' reply, the undersigned concludes that both motions should be DENIED.

## SUMMARY OF FACTS

According to Mr. Butler, he purchased a 2005 Monaco RV for $290,999.59 from the defendant Great American RV on May 21, 2005. Mr. and Mrs. Butler intended to use the RV for extensive travel and they intended to live in it as their home. The Plaintiffs stopped making their monthly payments on the RV as of July 1, 2009 and it was voluntarily surrendered On December 17, 2009.

Throughout the period of the Plaintiff's ownership they had problems with the windshield cracking. Defendants replaced the windshield at least six times and all but one replacement – a crack in the windshield caused by a rock- was required due to a defect in the design of the motorhome. The problem with the windshield made itself evident shortly after the initial purchase. On June 3, 2005 the Plaintiffs returned the motorhome to the Great American RV repair facility for windshield evaluation and authorization for repair. The RV was returned on June 20, 2005 for the first windshield replacement. On August 10, 2005 the Plaintiffs had the windshield replaced a second time at a repair facility in Wakarusa, Indiana. This replacement was a consequence of a rock chip. On October 12, 2005 the Plaintiffs went to another repair facility for evaluation of a stress cracked windshield and other items, including wiper motor problems. On January 10, 2006 the Plaintiffs went to a repair facility in Florida to have the stress cracked windshield replaced and other items repaired. The repair facility was unable to effectuate a windshield replacement and the Plaintiffs left the facility with a cracked windshield. The presence of the cracked windshield also resulted in interior water damage. The windshield was finally replaced in July 2006 in Harrisburg. Another windshield replacement was required in December 2008. In February 2009 the plaintiffs observed another stress fracture in the windshield. The windshield was cracked when it was returned for the final time.

In addition to the problem with the windshield, the Plaintiffs identified a number of other repairs that were required to be done to the motorhome.  *See* ECF No. 65-4.

All in all, the motorhome was out of service and in repair shops for a total of 156 days.  This resulted in the Plaintiffs living in the parking lots of RV repair facilities a total of 145 days.  Although numerous attempts were made to replace the windshield, such repairs never lasted long as a crack would reappear.  The Plaintiffs finally made the decision to purchase a home as they decided they could not live and travel in the RV as planned.

### DEFENDANT'S CLAIM

The Defendant relies on the Declaration of Mike Virkler (ECF No. 62) in support of its motion for summary judgment.  Mr. Virkler is a recreational vehicle service technician who examined the RV on January 23, 2010.  Mr. Virkler examined the RV and specifically looked at 187 items identified in his report which then references an Exhibit A.  ECF No. 62, pgs. 5 – 20.  No explanation has been offered to the Court regarding who identified the 187 items which required review.

Mr. Virkler concluded that the cost to repair certain items would be $5,207.00 which included an estimate of $2000 to replace the windshield – again.  The defendant than asserts that by comparing the cost of repair ($5,207) to the amount the plaintiffs financed in May 2005 ($272,154.59) shows that the existence of the defective windshield and other items does not, as a matter of law, amount to substantial impairment of the value to the purchaser and therefore would not, as a matter of law, permit rescission or revocation of acceptance by the plaintiffs.

### LAW

A party is entitled to summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

1 material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
2 56(c)(2).
3      R.C.W. 62A.2-106 permits a buyer to revoke acceptance if a non-conformity
4 substantially impairs the value to the buyer. "Whether a nonconformity in goods substantially
5 impairs their value is determined objectively with reference to the buyer's particular
6 circumstances, rather than his or her unarticulated subjective desires." *Aubrey's R.V. Center Inc.*
7 *v. Tandy Corp.,* 46 Wn.App. 595, 602, 731 P.2d 1124 (Div. 3, 1987).

## DISCUSSION

Taking the facts in the light most favorable to the non-moving party, the Plaintiffs, the facts show that the various authorized repair facilities were never able to finally fix a problem with the windshield. It would be replaced and subsequently crack again – and this sequence continued throughout the course of ownership. While the windshield was the remaining issue when the motorhome was finally returned, it was an on-going issue with no guarantee of a fix. In addition to the windshield problems, the Plaintiffs had a large number of other items that needed repair or replacement during the time they had the RV in their control. This is evidenced by the sixty pages of repair history included in ECF No. 65-4, pgs. 1 – 60.

If there had only been one instance of the windshield cracking and needing replacement, then Defendant's position in this summary judgment might carry the day. However, the history of numerous attempts at repair and replacement with subsequent failures must be taken into consideration when determining whether the defects substantially impaired the value of the motorhome to the Butlers. For purposes of summary judgment, the undersigned finds that the Defendants have failed to meet their burden. There remain material issues of fact for resolution at trial.

Order Denying GE Money Bank's
Motions for Summary Judgment                4

**CONCLUSION**

The Motion to Dismiss Plaintiff's Claim for Recission is DENIED. (ECF No. 61), Having denied that motion and with the issue of recission or revocation of acceptance remaining, the Defendant's second motion to grant judgment on its counterclaim regarding the deficiency is also DENIED. (ECF No. 59)

Dated this 5th day of January, 2011.

*(signature)*
Karen L. Strombom
United States Magistrate Judge